---

In re BOYD et al.

(Circuit Court of Appeals, Second Circuit. April 18, 1893.)

CUSTOMS DUTIES—"ARTICLES OF WEARING APPAREL."—LACE APRONS.
Lace aprons are dutiable at 50 per cent. ad valorem as "articles of wearing apparel," under paragraph 349 of the tariff act of 1890, and not at 60 per cent., as "articles made wholly or in part of lace," under paragraph 373 of the same act. 49 Fed. Rep. 731, reversed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Boyd, Sutton & Co. protested against an assessment by the collector of the port of New York, and the board of general appraisers sustained the protest, the collector appealed to the circuit court, which reversed their decision, (49 Fed. Rep. 731,) and the protestants appeal. Reversed.

W. Wickham Smith, for appellants.
Henry C. Platt, Asst. U. S. Atty., for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The firm of Boyd, Sutton & Co., on November 3, 1890, imported certain lace aprons, upon which the collector of customs at the port of New York assessed duty at the rate of 60 per cent. ad valorem, under paragraph 373 of Schedule J of the act of October 1, 1890, as "articles made wholly or in part of lace." The paragraph is as follows:

"Par. 373. Laces, edgings, embroideries, insertings, neck rufflings, ruchings, trimmings, tuckings, lace window curtains, and other similar tamboured articles, and articles embroidered by hand or machinery, embroidered and hemstitched handkerchiefs, and articles made wholly or in part of lace, rufflings, tuckings, or ruchings, all of the above-named articles, composed of flax, jute, cotton, or other vegetable fiber, or of which these substances, or either of them, or a mixture of any of them, is the component material of chief value, not specially provided for in this act, sixty per centum ad valorem: provided, that articles of wearing apparel and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed."

The importers protested, claiming that said aprons were dutiable at 50 cent. ad valorem, as "articles of wearing apparel," under paragraph 349 of the same act:

"Par. 349. Clothing ready made, and articles of wearing apparel of every description, handkerchiefs, and neckties or neckwear, composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, made up or manufactured wholly or in part by the tailor, seamstress, or manufacturer, all of the foregoing not specially provided for in this act, fifty per centum ad valorem: provided, that all such clothing, ready made, and articles of wearing apparel, having India rubber as a component material, (not including gloves, or elastic articles that are specially provided for in this act,) shall be subject to a duty of fifty cents per pound, and, in addition thereto, fifty per centum ad valorem."

The board of general appraisers reversed the decision of the collector, and sustained the contention that the goods were dutiable as wearing apparel, under paragraph 349. Upon appeal the circuit court reversed the board, and sustained the collector. Appeal was duly taken to this court.

These aprons are "articles made wholly or in part of lace." They are also "articles of wearing apparel." Upon the argument we indicated that in our opinion the letter was the more specific designation, and that, therefore, "articles made wholly or in part of lace," which were also "wearing apparel," were not to be included with the other "articles made wholly or in part of lace," provided for in paragraph 349, being specially provided for in paragraph 373. The learned judge who heard the case below was of the opinion that articles made wholly or in part of lace, and which were also wearing apparel, were included in the enacting clause of paragraph 373, because the proviso at the close of that paragraph excepted wearing apparel of a certain kind from the operation of its enacting clause, it being "the effect of a proviso to carve an exception out of the enacting clause." In our opinion, this is too close an interpretation of the paragraph. Conceding that the object of the proviso was to carve an exception out of the enacting clause, it is manifest that it does not refer to all the classes of merchandise therein contained. Edgings, insertings, and trimmings are hardly wearing apparel, and lace window curtains certainly are not. The proviso deals with "articles of wearing apparel * * * when embroidered by hand or machinery," and finds its natural antecedent in the enumeration, "articles embroidered by hand or machinery;" the paragraph thus providing that, though an embroidered article was also an article of wearing apparel, and as such subject to a lower rate of duty, it should nevertheless pay at as high a rate as embroideries composed of the same materials. It is only to articles, whether made wholly or in part of lace or not, which are also embroidered, and which would thus be within the other enumeration of the enacting clause, "articles embroidered by hand or machinery," that the proviso applies, and the articles in controversy are not embroidered. The decision of the circuit court is reversed, and that of the board of appraisers affirmed.