OPPENHEIMER et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 11, 1895.)

No. 89.

CUSTOMS DUTIES—CLASSIFICATION—SILK VEILS IN THE PIECE.

Silk veils or veilings in the piece, with borders upon them, and clearly defined lines between the borders, indicating where they were to be cut off, *held* to be dutiable at 60 per cent. ad valorem, as "wearing apparel," under paragraph 413 of the tariff act of October 1, 1890, and not at 50 per cent. ad valorem, under paragraph 414, as "manufactures of silks not specially provided for." Oppenheimer v. U. S., 61 Fed. 283, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by Oppenheimer & Terry, importers, for review of a decision of the board of United States general appraisers concerning certain importations of silk veils in the piece made by them. The decision of the board sustaining the action of the collector was affirmed by the circuit court. 61 Fed. 283. The importers appeal.

Benjamin Barker, Jr., for appellants.
Henry C. Platt, for the United States.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. The goods in question are silk veils in the piece. They come in rolls several yards in length, but are ornamented with a succession of borders, each surrounding a portion of the fabric of a size suitable for a veil. A series of veils are thus marked out, defined, and designated by these borders, and, although not separated from each other at the time of importation, are adapted for no other use than as veils, and only need cutting apart to make them completed veils. The dividing line of each separate veil is plainly indicated, and the fabric can be cut only between the veils without destroying the design. They are manufactured, adapted, and intended for veils, and for nothing else.

The appellants contend that the merchandise is dutiable under paragraph 414 of the tariff act of 1890, as "manufactures of silk, not specially provided for." The collector classified them as wearing apparel, under paragraph 413, which is as follows:

"Par. 413. Laces and embroideries, handkerchiefs, neck rufflings and ruchings, clothing ready made, and *articles of wearing apparel of every description*, including knit goods, *made up or manufactured wholly or in part* by the tailor seamstress *or manufacturer*, composed of silk or of which silk is the component material of chief value, not specially provided for sixty per cent. ad valorem," etc.

The merchandise imported in this case is clearly within the italicized portion of this paragraph. It is made up "in part," the operation of making up having progressed so far that it is easy to identify the particular article of wearing apparel it is to be, and the materials out of which it is made being rendered, so far as the evidence shows, practically useless for any other purpose. In this respect it differs from In re Mills, 56 Fed. 820, where the hemstitched lawns were as well adapted for use as window curtains as they were for women's skirts and aprons. Veils are manifestly wearing apparel, and these goods, being veils which only need to be cut off from the piece in order to be ready for use, were properly classified for duty as such.

The decision of the circuit court is affirmed.