UNITED STATES v. REISINGER.

(Circuit Court, S. D. New York. December 17, 1898.)

No. 2,816.

CUSTOMS DUTIES—CLASSIFICATION—CARBONS FOR ELECTRIC LIGHTING.
Carbons designed for use only in electric lighting, though 36 inches long, and requiring to be cut or broken into lengths of 12 or 14 inches before actual use, are dutiable under paragraph 98 of the tariff law of 1897, at 90 cents per 100, as "carbons for electric lighting," and not under paragraph 97, as "carbons not specifically provided for"; nor can the collector estimate the number of shorter carbons into which each will be made, and assess duty on such number at the rate fixed by paragraph 98.[1]

This is an appeal by the United States from the decision of the board of general appraisers sustaining the protest of Hugo Reisinger as to the duties imposed on certain imported carbons.

D. Frank Lloyd, Asst. U. S. Atty.
W. Wickham Smith, for importer.

TOWNSEND, J. (orally). The articles in question are composed of carbon, assessed at $2.70 per 100, as "carbons for electric lighting," under the provisions of paragraph 98 of the act of 1897. The importer protested, claiming that they are either "carbons for electric lighting," at 90 cents per 100, under said paragraph, or "carbons not specifically provided for," under paragraph 97 of said act. The board of general appraisers sustained the contention of the importer as to paragraph

---

[1] As to classification of goods for the purpose of assessing customs duties, see note to Dennison Mfg. Co. v. U. S.; 18 C. C. A. 545.

97, and the United States appeals. It is admitted that these articles are composed of carbon, and that they are designed for no use other than electric lighting, and that the ordinary length of such articles when in actual use is not more than 12 or 14 inches. These carbons are 36 inches in length, and, in order to be used in electric lights, they have to be either cut or broken up into various lengths. Counsel for the United States contends that while these are not carbons for electric lighting, because of their said length, and are not capable of use until they are broken up and in some instances cored and sharpened, yet that the appraiser can mentally subdivide them into three carbons, each 12 inches long, and assess duty accordingly. Acting upon this theory, the collector assessed duty at $2.70 per 100. Each carbon is a distinct article, made in a single piece, without any indication or designation of separation which would enable any one to determine the dividing line. In fact, the dividing line is an indefinite one, according to the necessities of the individual user. It may be true, as contended by counsel for the United States, that in this way the object of the law may be defeated by the importer, but that is not a question with which this court is concerned. In view of the unambiguous language of the provision, the remedy for such alleged evasions is not to be found in judicial legislation. The articles are not dutiable, as contended by the importer, and found by the board of appraisers, as "carbons not specifically provided for," because they are specifically provided for under paragraph 98, as "carbons for electric lighting," at 90 cents per 100. The decision of the board of general appraisers is therefore reversed.