UNITED STATES v. REISINGER.

(Circuit Court of Appeals, Second Circuit. May 25, 1899.)

No. 159.

CUSTOMS DUTIES—CLASSIFICATION—STICKS OF CARBON.
Carbon sticks, 36 inches long, intended for ultimate use in electric lighting, but which require to be cut into suitable lengths, the ends of which must be pointed or ground, before they can be so used, are dutiable under paragraph 97 of the tariff act of 1897, as articles or wares composed wholly of carbon, not specially provided for, and not under paragraph 98, as carbons for electric lighting.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York, reversing a decision of the board of general appraisers, which reversed a decision of the collector of the port of New York touching the assessment of duty upon certain imported merchandise. The facts appear in the opinion.

D. Frank Lloyd, for the United States.

W. Wickham Smith, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. This cause arises under the tariff act of 1897. The relevant paragraphs are found in Schedule B, "Earths, Earthenware, and Glassware," and read as follows:

"(97) Articles and wares composed wholly or in chief value of earthy or mineral substances or carbon, not specially provided for in this act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem.

"(98) Gas retorts, three dollars each; lava tips for burners, ten cents per gross and fifteen per centum ad valorem; carbons for electric lighting, ninety cents per hundred; filter tubes, forty-five per centum ad valorem; porous carbon pots for electric batteries without metallic connections, twenty per centum ad valorem."

It is contended by the collector that the articles are covered by paragraph 98, as carbons, rods, or sticks for electric lighting. Inasmuch as they were 36 inches long, "which length," he asserts, "is equal to three carbons of the extreme length for electric lighting," the collector assessed them at the rate of $2.70 per 100 sticks. The board of general appraisers held that they should be classified under paragraph 97. The circuit court held that the collector's classification was correct, but that he should have assessed them at 90 cents per 100 only. 91 Fed. 638. No testimony was taken in the circuit court. The findings of fact returned by the board of general appraisers are supported by the evidence before them, and read as follows:

"(1) The goods consist of sticks or rods of carbon, imported in lengths, respectively, of 36 inches.

"(2) The articles are not suitable or capable of being used for electric lighting in the lengths and condition in which they are imported, but, in order to adapt them for such use, it is necessary to cut them up into shorter lengths, to point some of them, and smooth or grind the ends of others.

"(3) Prior to July 24, 1897 (the date of the present tariff act), carbons of these lengths were not imported into this country. They were then imported commonly in lengths varying from 4½ to 14 inches, and occasionally as long as 16, and perhaps 20, inches; the greater number being 12 inches long."

Accepting these findings as correct, we concur in the conclusion of the board that, although ultimately intended for electric lighting, the fact that it is necessary to bestow further labor on them, in order to fit them for such use, precludes their inclusion in paragraph 98. Inasmuch as they are not specifically provided for in paragraph 98, they come within the general phraseology of paragraph 97, being "articles or wares composed wholly of carbon." This paragraph, it should be noted, is changed from the similar one, in the act of 1894 (paragraph 86), which was recently considered by us in U. S. v. Reisinger (Dec. 7, 1898) 33 C. C. A. 395, 91 Fed. 112, by the insertion of the word "carbon." The decision of the circuit court is therefore reversed, and that of the board of general appraisers is affirmed.