MEYER v. UNITED STATES.

(Circuit Court, S. D. New York. April 20, 1901.)

No. 2,942.

1. CUSTOMS DUTIES—CLASSIFICATION—HEMSTITCHED LAWNS—COTTON CLOTH.

Hemstitched cotton lawns, made by subjecting cotton cloth to the processes of turning over the edges, drawing certain threads, and other manipulation, but not appropriated by these processes to any particular ultimate use, are held to have been advanced beyond the condition of "cotton cloth," and not to be dutiable as such under the "countable clauses" of Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule I, pars. 252–257, 28 Stat. 527, 529, but to be dutiable as "manufactures of cotton," under paragraph 264 (section 1, Schedule I, 28 Stat. 529) of said act.

**2. SAME—PARTLY-MADE WEARING APPAREL—LACES AND EMBROIDERIES.**
 Certain robes or dresses, composed of cotton or other vegetable fiber, in part embroidered and in part made of lace, being so far advanced in manufacture as to be unavailable for other purposes than for completion into light dresses, are dutiable under Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule I, par. 258, 28 Stat. 529, as "articles of wearing apparel * * * made up or manufactured wholly or in part," and not under paragraph 276 (section 1, Schedule J, 28 Stat. 530) of said act, covering "laces, * * * embroideries, * * * articles embroidered, * * * and articles made wholly or in part of lace."

**3. SAME—GALLOONS.**
 Certain articles which in a broad sense are trimmings, embroideries, and articles made of lace, but which in a specific sense are galloons, and are known as galloons, are dutiable under the provisions in Tariff Act Aug. 27, 1894, c. 349, § 1, Schedules J, L, pars. 263, 300, 28 Stat. 529, 532, for "galloons," and not under the provisions in paragraphs 276 or 301 (section 1, Schedules J, L, 28 Stat. 530, 532) of said act, for trimmings, embroideries, articles made of lace, etc., "not specially provided for."

Appeal by the importer from a decision of the Board of General Appraisers which affirmed the decision of the collector of customs at the port of New York in the classification of the importations in question.

Everit Brown, for importer.
Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge.   There is practically no contest here as to the facts or the law, and the appellant's contentions have been sustained in other cases in the courts and before the Board of General Appraisers.   The merchandise in question is dutiable under Act Aug. 27, 1894, c. 349, 28 Stat. 509.   It embraces goods of three kinds:

First.  Certain hemstitched lawns, made of cotton, assessed as cotton cloth under the so-called "countable clauses" of the tariff.   The goods have been advanced beyond the condition of cotton cloth by manufacture, to wit, by turning over the edges, drawing certain threads, and other manipulation, but have not been appropriated by these processes to any particular ultimate use.   They are dutiable, as claimed, at 35 per cent. ad valorem, under section 1, Schedule I, par. 264, 28 Stat. 529.   In re Mills (C. C.) 56 Fed. 820, affirmed in United States v. Mills, 13 C. C. A. 692, 14 U. S. App. 711; and unreported cases, such as Brown & Eadie v. United States (No. 2,531) decided January 11, 1900.

Second. Certain robes or dresses partly made.   They are composed of cotton or other vegetable fiber, and so far advanced in manufacture as to be unavailable for other purposes than completion into light dresses or robes; being cut, trimmed, etc., with that sole object in view.   They are in part embroidered and in part made of lace, and so were assessed at 50 per cent. ad valorem, under section 1, Schedule J, par. 276, 29 Stat. 530.   They are dutiable, as claimed, at 40 per cent. ad valorem under section 1, Schedule I, par. 258, 28 Stat. 529.   In re Mills, supra; In re Boyd, 5 C. C. A. 223, 55 Fed. 599, 14 U. S. App. 94.

Third. Certain galloons.   They were composed wholly or in chief value either of silk, or of cotton or other vegetable fiber, and are claimed to be dutiable at 45 per cent. ad valorem, under section 1,

Schedules I, L, pars. 263 or 300, 28 Stat. 529, 532. These paragraphs are without the qualification, "not specially provided for," that appears in section 1, Schedules J, L, pars. 276, 301, 28 Stat. 530, 532, under which the goods were assessed at 50 per cent. ad valorem, and the former paragraphs are therefore controlling. These goods, while in a broad sense trimmings and embroideries and articles made of lace, are in a specific sense galloons. They come within the dictionary definition of that word, and also within the trade use of the same. They are dutiable at 45 per cent. ad valorem, as claimed. Wotton v. United States (C. C.) 84 Fed. 954; G. A. 4053.

The decision of the Board of General Appraisers is reversed as to said three kinds of articles which are identified by the evidence.