UNITED STATES v. DOWNING et al.

(Circuit Court of Appeals, Second Circuit.   February 25, 1904.)

No. 70.

1. CUSTOMS DUTIES—CLASSIFICATION—CARBONS FOR ELECTRIC LIGHTING—EARTHY OR MINERAL SUBSTANCES.

Sticks of carbon intended and adapted to be used in electric lighting, but requiring to be cut into shorter lengths and to have the ends shaped before they are suited for such use, are dutiable under the provision in paragraph 97, Tariff Act July 24, 1897, c. 11, Schedule A, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], for "articles and wares composed wholly or in chief value of * * * carbon, not specially provided for, * * * if not decorated," and not under paragraph 98 of said act, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], as "carbons for electric lighting."

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal by the United States from a reversal (120 Fed. 1014) of a decision of the Board of General Appraisers (G. A. 5,020, T. D. 23,353), which affirmed the assessment of duty by the Collector of Customs at the port of New York on merchandise imported by R. F. Downing & Co.

D. Frank Lloyd, for appellant.

Albert Comstock, for appellees.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge.   The question in this case is whether the importations in controversy were dutiable as "carbons for electric lights," under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 98, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], or as "carbon, not specially provided for" under paragraph 97 of that act. They were sticks of carbon intended and adapted to be used in electric lighting, but not yet completed for such use when imported. They were of different lengths, but required to be cut into shorter lengths, and to have the ends pointed or ground, before they could be adapted to use in electric lighting. Paragraph 97 reads as follows:

"97. Articles or wares composed wholly or in chief value of earthy or mineral substances or carbon not actually provided for in this act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem."

The Board of General Appraisers were of opinion that the importations were dutiable under paragraph 98 by similitude, because they were not enumerated in paragraph 97. The question was de-

cided by this court in United States v. Reisinger, 94 Fed. 1002, 36 C. C. A. 626, a case where the importations were precisely like those now in controversy, and the question arose under the same two paragraphs of the tariff act. We held that, because it was necessary to bestow further labor on them in order to fit them for use in electric lighting, they were not included in paragraph 98. We said:

"Inasmuch as they are not specifically provided for in paragraph 98, they come within the general phraseology of paragraph 97, being articles or wares composed wholly of carbon. This paragraph, it should be noted, is changed from a similar one in Act Aug. 27, 1894, c. 349, § 1, par. 86, 28 Stat. 513, Schedule B, which was recently considered by us in United States v. Reisinger, 91 Fed. 112, 33 C. C. A. 395, by the insertion of the word 'carbon.' "

In the Reisinger Case, previously decided, the court considered the question whether carbon points for arc lights were dutiable under paragraph 86 of the act of 1894, which reads as follows:

"All articles composed of earthen or mineral substances, including lava tips for burners, not specially provided for in this act, if decorated in any manner, forty per centum ad valorem; if not decorated thirty per centum ad valorem."

In its opinion the court held that carbon points were not enumerated in this section, because the broad and general phrase "articles composed of earthen or mineral substances" should be restricted to articles susceptible of decoration, or, more accurately expressed, to articles of a class which sometimes are decorated and sometimes are not. The court deemed this construction the correct one, because of the collocation of paragraph 86 with other paragraphs of the schedule, and because otherwise Congress would not have deemed it necessary to provide specially for "lava tips," as they would be included in the general phrase. The majority of the Board of General Appraisers in the present case seem to have been misled by this decision, and to have overlooked the distinction between the old provision and the new, created by inserting "or carbon," and to which we adverted in the later Reisinger Case. The earlier decision was, in effect, that, reading paragraph 97 as though the words "or carbon" had been omitted, it would not cover the importations in controversy. The later decision was that, reading it as it stands, with the words "or carbon" inserted, it covers the importations because they are articles made wholly of carbon, not decorated. There is no inconsistency in the two decisions, as is clearly shown in the opinion of Mr. Appraiser Somerville, dissenting from the decision of his colleagues.

The decision of the court below reversing the decision of the Board of General Appraisers is affirmed.