### HERZOG v. UNITED STATES.

(Circuit Court, S. D. New York. December 13, 1904.)

#### No. 3,495.

CUSTOMS DUTIES—CLASSIFICATION—SHOE LABELS.

The provision in paragraph 320, Tariff Act July 24, 1897, c. 11, § 1 Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], for "labels for garments or other articles, composed of cotton," does not include strips of cotton containing certain words woven therein in silk, which are intended, when properly cut, to be attached to the top of shoes. Such articles are dutiable as manufactures of cotton, under paragraph 322 of said act, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661.]

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision under review see G. A. 5,553, T. D. 24,939, which affirmed the assessment of duty on merchandise imported at the port of New York by A. Herzog.

Frederick W. Brooks, for importer.
D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The importations in question were classified for duty under the provisions of paragraph 320 of the tariff act of July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], as "labels, for garments or other articles, composed of cotton or other vegetable fiber, fifty cents per pound and thirty per centum ad valorem." The importer protested, claiming the same to be properly dutiable at 45 per cent. ad valorem, under the provisions of paragraph 322 of the same act, as "manufactures of cotton not specially

o

provided for." In Worthington v. Robbins, 139 U. S. 337, 11 Sup. Ct. 581, 35 L. Ed. 181, the court uses this language:

"In order to produce uniformity in the imposition of duties, the dutiable classifications of articles imported must be ascertained by an examination of the imported article itself in the condition in which it is imported."

It appears from an examination of the samples admitted in evidence that the goods consist of woven strips of colored cotton, about two inches in width and several yards in length, into which are woven in coarse silk at intervals varying from three to six inches, the names of certain shoe companies, together with the word designed to indicate the particular style of shoe, the goods being intended, when properly cut, to be sewn or otherwise attached inside the tops of shoes. It would seem that the article in question, in the condition in which it is imported, cannot be classified as labels; certainly not as labels composed of cotton or other vegetable fiber. It is necessary that something should be done to the article imported before it becomes a label. In United States v. Downing, 129 Fed. 90, 63 C. C. A. 532, the article imported was "sticks of carbon, adapted and intended to be used in electric lighting, but not yet completed for such use when imported." The article was classified by the collector, who was sustained by the Board of General Appraisers, as carbons for electric lights, under paragraph 98 of Schedule B of the act of July 24, 1897, c. 11, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633]. It was placed by the Circuit Court under paragraph 97 of said act, as "carbons not specially provided for," and the ruling of the Circuit Court was affirmed in the decision referred to. The importation now under discussion seems to me to be on all fours with the carbon case. The government relies upon the case of Oppenheimer et al. v. U. S., 66 Fed. 52, 13 C. C. A. 327, but seems to lose sight of the fact that the article there imported was only made up in part, and had been classified for duty under paragraph 413 (Act Oct. 1, 1890, c. 1244, 26 Stat. 598) as an article of wearing apparel, made up or manufactured in whole or in part, etc.

The decision of the Board of General Appraisers is reversed.