LAMB, FINLAY & CO. *v.* UNITED STATES (No. 1397).[1]

FLAX SCARFING, WITH A HEM AND HEMSTITCHING.

The merchandise is not an article finished or unfinished, but it has been advanced beyond condition as a plain woven fabric. By its weight it is excluded from the first part of paragraph 357, tariff act of 1909, and by its condition it is excluded from the last part of that paragraph. It falls within paragraph 358 of that act.

United States Court of Customs Appeals, May 3, 1915.

APPEAL from Board of United States General Appraisers, Abstract 35021 (T. D. 34279).
[Affirmed.]
*Brooks & Brooks* (*F. W. Brooks, jr.,* of counsel) for appellants.
*Bert Hanson,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is white woven linen fabrics, weighing less than 4½ ounces per square yard, hemstitched on both sides, made

---

on an ordinary plain loom, regularly woven over one thread and under one thread alternately throughout the extent of the fabric, with a suitable number of warp threads omitted on both sides to prepare for hemstitching. After weaving it is hemstitched in an ordinary hemstitching machine which doubles over the edge on both sides and fastens it at regular intervals, leaving an openwork where hemstitched. In its imported condition the fabric is about 18 or 20 inches wide and of a length not stated. There are no twilled or figured effects thereon.

Duty was assessed upon this merchandise under paragraph 358 of the tariff act of 1909, the appraiser reporting that it was linen scarfing, ornamented by openwork and spoke stitching, and advanced beyond the condition of a plain woven fabric. The importers protested, claiming duty should have been assessed under paragraph 357 thereof.

At the first hearing before the board, the facts appearing as above stated, the protest was sustained. Thereafter the Government moved for rehearing, which was granted. Thereat evidence was introduced showing that the merchandise involved in this case had been woven in double width and then split; that like merchandise was sometimes woven in single width and sometimes in double width merely as a matter of convenience to the manufacturer, who would, if he had a double loom idle, naturally employ it according to his requirements; if woven double the hemstitching was done after the web was split; that it was primarily used for scarfing; that such use was accomplished by cutting the fabric into appropriate lengths and finishing it in any way desired; that it might be further hemstitched or might be hemmed; that nothing further was necessary to make the completed scarf; that on the fabric as imported there was nothing to indicate where it should be sectionally cut to make the scarfs; and that the price of the commodity was the same whether woven single or double.

Upon this further evidence the board reversed its original finding, saying that the additional testimony produced at the trial—

Discloses there has been something done to this cloth after weaving which enhances its value and advances it beyond the condition of a plain woven fabric. Labor has been applied to it that makes it suitable for a particular purpose—that of making furniture scarfs, and it is commonly so used. * * * It is dutiable as a manufacture of flax at the rate returned by the appraiser.

From this judgment the importer appealed to this court. The material parts of the competing paragraphs are here quoted:

357. Woven fabrics and articles not specially provided for in this section, composed of flax, hemp, or ramie, * * * weighing four and one-half ounces or more per square yard [followed by specifications as to count of threads, etc.]. * * * Plain woven fabrics, not including articles, finished or unfinished, of flax, hemp, or ramie, or of which these substances or any of them is the component material of chief value,

including such as is known as shirting cloth, weighing less than four and one-half ounces per square yard [followed by specifications as to count of threads, etc.].   *   *   *

358. All woven articles, finished or unfinished, and all manufactures of flax, hemp, ramie, or other vegetable fiber,   *   *   *.

It is apparent from this statement of the case, and it is so considered by the parties, that the only question here is whether the merchandise is a plain woven fabric, not an article finished or unfinished, under the last part of paragraph 357, or is a woven article, finished or unfinished, or a manufacture of flax under paragraph 358.

A large number of board and other decisions are cited, all of which have been examined.

The Government's contention seems to be that the merchandise has progressed far enough to determine the use to which it is adapted or to which it is to be devoted, so that it is an article finished or unfinished, and, further, that claim failing, that it is a manufacture of flax, because the hemming with the resulting hemstitched border is an additional process or manufacture which removes the merchandise from the classification of a plain woven fabric.

We think it is quite apparent that if this merchandise had been imported in the web, whether single or double, in the condition as it left the loom, it would have been a plain woven fabric and would not in any sense have been a finished or unfinished article, notwithstanding it were shown to be appropriate to be used and chiefly if not wholly used for the making of scarfs. There would then have been nothing about the fabric to indicate its fitness for any particular purpose or its special adaptation to any particular use. While it might have been material for scarfing, yet nothing about it would have suggested that it was designed or fitted or suitable as material for that purpose alone. But the merchandise is not in that condition. It has been further processed. It has been subjected to the operation of the hemstitching machine, in the use of which the selvage and the raw edges (and if woven in single width it would be both selvage edges) are doubled over and hemstitched, producing a border about 1½ inches wide on each side, the hemstitching as well as the doubled over borders giving an ornamental appearance in marked contrast with the otherwise plain weave of the major portion of the fabric. Manifestly the processing to which this fabric has been subjected has advanced it in condition beyond that produced by the loom in which it was woven. Equally is it manifest that its value has been increased by these operations. While we do not think it can be said that it has become a woven article, finished or unfinished, within the contemplation of that language in paragraph 358, because it is still in the web or piece, as distinguished from an article made or to be made therefrom, nevertheless the original plain woven fabric has been manufactured, and it is, therefore, a manufacture of flax. If it were

thought an article, the question would follow, What article is it? This would be difficult to answer. It is rather something that *was* a plain woven fabric now advanced beyond its first estate to a condition in which it is material for the manufacture of "articles" therefrom. While there is no question of commercial designation in the case it does appear in the record to be sometimes referred to as "scarfing" and is so described in the protest.

That hemming is manufacturing would seem to be a sound conclusion without further discussion. That it has been so held is clear. *In re* Mills (56 Fed., 820), Meyers *v.* United States (124 Fed., 296), United States *v.* Einstein (78 Fed., 797), T. D. 17563.

See Henderson *v.* United States (66 Fed., 52), where the term "articles of wearing apparel made up or manufactured wholly or in part" was held to include silk veils in the piece, on the ground that veils were wearing apparel and that the marking out, defining, and designating the veils in the piece, although they had not been separated from each other at the time of importation, was a manufacturing process. See also Abstract 33127 (T. D. 33660).

The burden of the importer's contention is that the merchandise is not an *article* within paragraph 358, but its brief omits discussion as to whether or not it is a manufacture of flax, which the board distinctly held it to be.

It is apparent from a survey of paragraph 357 that it is designed to provide for a great variety of loom products made of flax, the first part relating to those not otherwise provided for weighing over $4\frac{1}{2}$ ounces per square yard, while the last part relates to such products, if they weigh *less* than $4\frac{1}{2}$ ounces per yard, and are plain woven fabrics, not finished or unfinished articles. The merchandise here is not an article finished or unfinished, neither is it a plain woven fabric. It *was* such, but has been manufactured, as pointed out, and therefore is within the provisions of paragraph 358, which, evidently, as a complement to paragraph 357, is designed to provide for a large part if not all of the products of the raw materials mentioned in the two paragraphs, and not included in paragraph 357, unless otherwise more specifically provided for. The merchandise here is by its weight excluded from the first part of paragraph 357, and by its condition excluded from the last part thereof. No claim is made that any other paragraph is applicable, hence it falls within paragraph 358 as a manufacture of flax.

It therefore seems unnecessary to make further reference to the numerous citations which relate to the construction given to different language in other paragraphs.

The judgment of the Board of General Appraisers is *affirmed.*