(C. D. 830)

St. Andrews Textile Co., Inc. *v.* United States

United States Customs Court, Second Division

(Decided February 9, 1944)

*Jordan & Klingaman (Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before Tilson, Kincheloe, and Lawrence, Judges

Tilson, Judge: This suit against the United States presents for determination the question of the proper classification of certain mufflers upon which duty was levied at the rate of 90 per centum ad valorem under paragraph 1529 of the act of 1930, as being in part of

fringe. The plaintiff claims the same to be properly dutiable at 33 cents per pound and 30 per centum ad valorem or at 50 cents per pound and 30 per centum ad valorem under paragraph 1115 (a) of the act of 1930, and the trade agreement with the United Kingdom, T. D. 49753, as clothing and articles of wearing apparel, not knit or crocheted, manufactured wholly or in part, wholly or in chief value of wool.

Plaintiff's witness testified at the trial that the imported merchandise was valued at more than $4 per pound, and this eliminates from consideration the claim at 33 cents per pound and 30 per centum ad valorem.

Illustrative exhibit A represents a piece cut from the imported material 52 to 54 inches in length. Illustrative exhibit B represents the condition of the muffler after it has been cut apart in this country.

When the witness was asked to describe the cloth before anything at all is done to it in this country, he stated:

* * *. The cloth is woven as regular cloth, any width you have stipulated. The warp is all set up in the usual way, and when the weft is put in or the cloth is woven, in other words, we drop the weft threads, as this sample shows, and the cloth comes in rolled, as ordinary cloth, and it is regular cloth, but we put in the warp a selvage, or a cutting selvage every 12 or 13 or 14 inches that the width of the scarf is going to be made up out of this cloth. So when it comes into this country the buyer you might sell it to has to put this through a course of manufacture. It is a cutting process, by hand. The warp is cut into strips the width of these mufflers, and the weft is cut through where this weft thread is left out, and that forms a muffler or scarf which is sold in the store.

Referring to the mark where illustrative exhibit B would be cut, the witness stated:

* * * technically it is a selvage, a selvage that is a special warp thread put on each side of these two colors, and when the knife cuts between it leaves a selvage as firm as this outside selvage.

The witness also testified that the purpose of omitting the weft threads at certain predetermined intervals is to create in the finished muffler, when it is cut apart, a fringe, such as is found in illustrative exhibit B. He also testified that the reddish section may be cut from the blue in illustrative exhibit A "and require no further finishing on the edges after they are cut apart." "It is a process of cutting by hand."

Counsel for the plaintiff contend in their brief filed herein that since the mufflers must be cut apart at the end before any fringe appears the imported merchandise is not mufflers in part of fringe, and that if said mufflers be considered as being in any part of fringe, the most that can be said for them is that they are mufflers in part of unfinished fringe. Counsel further contend that in view of the change in the language found in paragraph 1529 of the act of 1930

from that found in paragraph 1430 of the act of 1922, said paragraph 1529 does not cover and include mufflers in part of unfinished fringe.

Paragraph 1430 of the act of 1922, so far as necessary for a comparison with paragraph 1529, reads as follows:

Laces * * * fringes * * * braids * - * * and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished * * * .

Paragraph 1529 of the act of 1930, so far as here pertinent, reads as follows:

Laces * * * fringes * * * braids * * * all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * * .

With reference to this phase of the case, counsel for the plaintiff makes the following statement in his brief:

The natural interpretation of this language is that "all the foregoing" covers what is enumerated before these words, which, so far as this case is concerned, is "fringes." This term under all rules of construction includes only finished fringes. Therefore, the provision as applied to this case is one for two things, (1) finished fringes, (all the foregoing) and (2) fabrics and articles wholly or in part of finished fringes, whether such fabrics and articles are finished or unfinished. As changes in language *prima facie* indicate a change of intent (*United States* v. *Post Fish Co.*, 13 C. C. P. A. 155), and as the natural grammatical reading of the language indicates the claimed interpretation, such interpretation should be adopted by the court.

We are not out of sympathy with the plaintiff's contention, as set out above, and we can conceive of many cases where the construction contended for would be controlling, but in view of the following quotation from the case of *United States* v. *Buss & Co.*, 5 Ct. Cust. Appls. 110, we are unable to accept it as controlling in this case:

The rule expressed by the decisions just cited recognizes the fact that most small articles are not produced as individual or separate products of the loom, but for economy of manufacture are first woven "in the piece." The rule of decision is therefore established that where such articles are imported in the piece and nothing remains to be done except to cut them apart they shall be treated for dutiable purposes as if already cut apart and assessed according to their individual character or identity. This follows, however, only in case the character or identity of the individual articles is fixed with certainty and in case the woven piece in its entirety is not commercially capable of any other use.

To the same effect was the holding of Circuit Judge Lacombe in *Oppenheimer* v. *United States*, 66 Fed. 52, wherein he said:

* * *. Veils are manifestly wearing apparel, and these goods, being veils which only need to be cut off from the piece in order to be ready for use, were properly classified for duty as such.

It is shown by the plaintiff's witness that the merchandise in this case is imported in the piece and that nothing remains to be done except to cut the mufflers apart, the cutting operation entirely com-

pleting the mufflers, and that thereby the character or identity of the muffler is fixed with certainty, and it is not claimed or proven that the woven piece is commercially capable of any other use. This appears to be sufficient to bring the imported merchandise squarely within the rule announced in the *Buss* case, *supra.*

In the strict sense of the word, of course, the mufflers in this case are not finished mufflers in the condition in which imported because they must be cut apart, but where such articles are imported in the piece and nothing remains to be done except to cut them apart they shall be treated for dutiable purposes as if already cut apart and assessed according to their individual character or identity. Likewise, in the strict sense of the word, the fringe on the mufflers is not finished fringe in the condition in which imported, but where such articles are imported in the piece and nothing remains to be done except to cut the fringe apart such articles shall be treated for dutiable purposes as if the fringe had already been cut apart and assessed according to their individual character or identity.

There appears to be no question but that when these mufflers are cut apart the threads on each end constitute a fringe. On this point plaintiff's witness testified as follows:

X Q. I suggest, Mr. Swayze, that the purpose of omitting the weft threads at certain predetermined intervals is to create in the finished muffler, when it is cut apart, a fringe. Is that correct?—A. Well, as exhibit number B, we call that a fringe.

X Q. And that is the purpose of the omission of the weft thread?—A. Exactly.

After the mufflers have been cut apart the loose threads at each end of the mufflers answer to the common understanding of the term fringe, as that term is defined by the standard dictionaries and lexicographers.

Counsel for the plaintiff insist in their brief filed herein that if the appellate court in the *Buss* case, *supra,* "meant to state that unfinished articles in the piece are always to be classified as though cut apart it went too far." We express no view in regard to the above contention, but if the appellate court was in error in its holding in the *Buss* case, *supra,* that is a matter for the appellate court.

On the authority of the *Buss* case, *supra,* we hold that the mufflers in this case should be treated for dutiable purposes as if already cut apart, and likewise that the fringe should be treated for dutiable purposes as if it had already been cut apart, and the merchandise classified according to its individual character or identity, as mufflers in chief value of wool, in part of fringe.

In the light of the decision in *Kohlberg* v. *United States,* 27 C. C. P. A. 354, the fact that the fringe never had a separate existence as fringe prior to its appearance in the mufflers is not here material. The many cases establishing the principle of a preexisting component ma-

terial have no application to the provisions of paragraph 1529 of the act of 1930.

For the reasons heretofore stated the claim of the plaintiff is overruled and the classification made by the collector is affirmed. Judgment will be rendered accordingly.

KINCHELOE, J.: I concur in the conclusion and judgment reached in *this* case.

LAWRENCE, J.: I concur in the conclusion.