SCHIFF et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 30, 1900.)

No. 41.

CUSTOMS DUTIES—STRAW BRAIDS—FREE LIST.
  "Gold straw braids" and "silver straw braids," composed mostly of hemp fiber, the remainder being metal, cotton, and glue, are not entitled to free entry, under Act Cong. Oct. 1, 1890, par. 518, which puts on the free list braids, plaits, laces, and similar manufactures, "composed of straw, chip, grass, palm leaf, willow, osier or rattan," suitable for making or ornamenting hats, bonnets, and hoods, but are assessable under paragraph 215, as manufactures in part of metal, not specially provided for.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the circuit court, Southern district of New York, affirming a decision of the board of general appraisers which affirmed the classification of certain merchandise for customs duty by the collector of the port of New York.

Albert Comstock, for appellant.

Henry C. Platt, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The merchandise was imported under the tariff act of 1890. It consisted of goods invoiced as "gold straw braids" and "silver straw braids," composed of hemp fiber to the

extent of from five-sixths to nine-tenths of their value, the remainder being metal, cotton, and glue. Duty was assessed on them at 45 per cent., under paragraph 215, as manufactures in part of metal, not specially provided for. The importers protested, claiming free entry, under paragraph 518. It will be well to note the earlier provisions of tariff acts touching the articles enumerated in this last-mentioned paragraph. The act of 1883 provided as follows:

"Par. 448. Hats and so forth, materials for: Braids, plaits, flats, laces, trimmings, tissues, willow sheets and squares, used for making hats, bonnets and hoods, composed of straw, chip, grass, palm leaf, willow, hair, whalebone or any other substance or material not specially enumerated or provided for in this act, twenty per centum ad valorem."

By a special act passed February 18, 1890, congress struck out the last-quoted paragraph, and inserted in place thereof the following:

"Par. 448. Braids, plaits, flats, willow sheets and squares, fit only for use in making or ornamenting hats, bonnets and hoods, composed of straw, chip, grass, palm leaf, willow, hair, whalebone or any vegetable material, not specially enumerated or provided for, twenty per centum ad valorem."

Next came the act of October 1, 1890, containing the paragraph under which the importers in the case at bar contend that their goods should be classified. It reads as follows, being part of the free list:

"Par. 518. Braids, plaits, laces and similar manufactures, composed of straw, chips, grass, palm leaf, willow, osier or rattan, suitable for making or ornamenting hats, bonnets and hoods."

It will be observed that the changes in the language used by congress have been in the direction of restricting the number of articles which the so-called "hat-material" paragraph should comprise. And that restriction is found to apply to the component materials. The braids of the hat-material paragraph of the act of 1883 might be composed, not only of straw, chip, or grass, but of "any other substance or material." By the amendatory act of 1890, these general words were changed to "any vegetable material," and in the act of October 1, 1890, the general phrase was wholly eliminated, and the braids included in the paragraph were reduced to such only as were "composed of straw, chips, grass," and the other specially enumerated vegetable substances. By this we do not mean to hold that the presence of any other material in admixture with one or more of the enumerated materials will take the braid out of this paragraph. Under the principle enunciated in Arthur's Ex'rs v. Butterfield, 125 U. S. 70, 8 Sup. Ct. 714, 31 L. Ed. 643, and Herrman v. Robertson, 152 U. S. 521, 14 Sup. Ct. 686, 38 L. Ed. 538, we affirmed in U. S. v. Rheims, 33 C. C. A. 687, 89 Fed. 1020, a decision of the circuit court holding that certain braids, composed principally of straw, were within this paragraph, although they contained cotton, 28 per cent. in quantity, and 25 per cent. in value. But, in order to come within the terms of the paragraph as now amended, it is necessary that the predominant and characteristic component shall be one of those specifically enumerated in the paragraph, and the words of enumeration should not be distorted so as to cover other vegetable substances, not fairly within the definition of those

words in common acceptation. Hemp fiber seems not to be within the dictionary definitions of any of those words cited in appellant's brief, and it certainly would not, in common speech, be included in the phrase, "straw, chip or grass." We have here no question of commercial designation. The tariff act does not lay duty upon "straw braid,"—a term which might have a technical meaning in trade and commerce,—but upon "braids composed of straw," etc., and there is no evidence that the words "straw," "chip," or "grass," when applied to the raw material, have any peculiar commercial meaning. The decision of the circuit court is affirmed.