UNITED STATES v. HERZOG.

(Circuit Court of Appeals, Second Circuit. December 20, 1905.)

No. 54 (3,495).

1. CUSTOMS DUTIES—CLASSIFICATION—LABELS IN THE PIECE.

In construing the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 320, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], for "labels, for garments or other articles, composed of cotton," held that labels are not to be excluded therefrom because in the piece and requiring to be cut apart before used as labels.

2. SAME—"COMPOSED OF COTTON"—ARTICLES IN CHIEF VALUE OF COTTON.

Labels of cotton and silk, cotton the chief component, are not to be excluded from the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 320, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], for labels "composed of cotton," because not composed wholly of cotton.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 135 Fed. 919, reversing a decision of the Board of United States General Appraisers, G. A. 5,553, T. D. 24,939, which had affirmed the assessment of duty by the Collector of Customs at the port of New York, on merchandise imported by A. Herzog.

The opinion of the Board reads in part as follows:

HOWELL, General Appraiser. The merchandise in question was returned by the appraiser as "labels of silk and cotton, cotton chief value," and was classified by the collector as dutiable  *  *  *  under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 320, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], for "labels, for garments or other articles, composed of cotton or other vegetable fiber." The protestant claims that the merchandise is properly dutiable  *  *  *  under paragraph 322, Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], as a manufacture of cotton.  *  *  *  It appears from an examination of the samples admitted in evidence that the goods consist of woven strips of colored cotton, about two inches in width, and several yards in length, into which are woven in coarse silk, at intervals varying from 3 to 6 inches, the names of certain shoe companies, together with a word designed to indicate a particular style of shoe, the goods being intended, when properly cut, to be sewn or otherwise attached inside the tops of shoes. It does not clearly appear upon what theory the protestant's claims are based. The only testimony in the case is that of the importer, who, in addition to proving the samples and admitting that the goods are composed in chief value of cotton, testified that he had handled these goods for two years and that they are sold in the wholesale trade as shoe top facings. If it is contended that these articles have a commercial designation which would exclude them from classification as labels, the evidence is entirely insufficient to sustain such contention. As was said by Judge Lacombe, in charging the jury in Batterson v. Magone (C. C.) 48 Fed. 289: "Of course it is not enough for a party who claims that his article is not within the ordinary meaning of the terms of common speech to show that it always has in trade some special name that it is called by, unless he goes further and shows that in that same trade the general term, which otherwise would cover it, is used exclusively for articles other than the one as to which he claims the special designation."

The burden of proof in such cases is on the importer, and the testimony of a single interested witness is insufficient to establish commercial designation. Neuss v. U. S. (C. C.) 142 Fed. 281. In Re Wolff, G. A. 4,269 (T. D. 20,047), this board, in passing upon woven cotton initials, had the benefit of the testimony

of manufacturers and dealers in all kinds of labels, and in that case found from the preponderance of the evidence "that there is no essential difference in the meaning of the term 'label' as used in commerce and in common speech. According to standard lexicographers, the term, so far as it relates to articles of the general character of these in question, includes a slip or tag of paper or other material, bearing the inscription in the form of a word or words, name, monogram, letter, scroll, or trade-mark, indicating the character, origin, owner, or destination of the article to which it is attached." In our opinion the articles here in question unmistakably belong to that class of goods known as labels; and, as such, being composed in chief value of cotton, are specially provided for in the paragraph in the tariff act under which duty was assessed. The protest is accordingly overruled, and the assessment of duty affirmed.

The foregoing decision was reversed by the circuit court on the ground that the goods were not labels because, not being cut, something more remained to be done to them; also, on the ground that they could not be said to be "composed of cotton," within the meaning of the law, because made in part of silk.

D. Frank Lloyd, Asst. U. S. Atty.
Frederick W. Brooks, for the importer.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. Decree reversed.