SCHMITZ v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 5, 1906.)

No. 58.

1. CUSTOMS DUTIES—SUBSTANTIAL COMPONENT—THREAD IN STRAW LACE.
   The cotton thread used to sew straw lace together, being essential for that purpose, is a substantial component, and sufficient in quantity to affect the classification of the goods.

2. SAME—CLASSIFICATION—THREAD IN STRAW LACE—"COMPOSED WHOLLY."
   Straw laces sewn with cotton thread are not within the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N. par. 409, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], for laces "composed wholly" of straw.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York, which affirmed a decision of the Board of General Appraisers sustaining the action of the collector of the port of New York touching certain importations under the tariff act of July 24, 1897 (chapter 11, § 1, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626]).

For decision below, see Kurtz v. U. S. (C. C.) 136 Fed. 268. This appeal was brought in the name of C. Schmitz, doing business under the name of Kurtz, Stuboeck & Co.

Comstock & Washburn (Albert H. Washburn, of counsel), for the importer.

Charles Duane Baker, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The articles in question are certain chip and straw laces, stitched or sewn together with cotton thread. The relevant paragraphs are:

"(449) Manufactures of bone, chip, grass, horn, india-rubber, palm leaf, straw, weeds, or whalebone, or of which these substances, or either of them, is the component material of chief value, not specially provided for in this act 30 per centum ad valorem; but the terms 'grass' and 'straw' shall be understood to mean these substances in their natural form and structure, and not the separated fibre thereof." Schedule N, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678].

"(409) Braids, plaits, laces, and willow sheets or squares, composed wholly of straw, chip, grass, palm leaf, willow, osier, or rattan, suitable for making or ornamenting hats, bonnets, or hoods, not bleached, dyed, colored, or stained, 15 per centum ad valorem. If bleached, dyed, colored, or stained, 20 per centum ad valorem. Hats, bonnets, and hoods composed of straw, chip, grass, palm leaf, willow, osier, or rattan, whether wholly or partly manufactured, but not trimmed, 35 per centum ad valorem," etc. 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673].

The collector classified the articles imported under paragraph 449. The importer contends that, although within the language of 449, they are more specifically provided for in paragraph 409. The government concedes that they would be within 409 were it not for the cotton thread, and the sole controversy is as to the meaning of the words "composed wholly."

The importers argue that the cotton should be disregarded, because it is an insignificant element of the cost, and the thread or cord is essential to hold the merchandise together as a merchantable article. Small though the relative cost of the cotton may be, it is yet appreciable. The Board of General Appraisers held that it was substantial, and the article in which it appears would seem to be excluded by the use of the words "composed wholly" of some other substance. There is no evidence that the thread is used temporarily only to prevent the ends of the braids from unraveling, as was the case in Schiff v. U. S. (reported in T. D. 26,457). So far as appears, it is a permanent component of the article, and remains in place when the latter is put into the hat. Moreover, practically the articles, of which a sample is submitted, are a variety of braid or plait more loosely put together. They are called "Fiesole," made in Italy. One

of the witnesses says that he does not know of any straw laces in Italy which have no binder or fastening of any other substance about them. Whether elsewhere than in Italy straw lace composed wholly of straw may or may not exist does not appear. The other witness, when asked if he had ever known of an article designated as straw lace to consist of straws fastened together with other straw, answered, "No; not in Italian manufacture." He added that if fastened together with straw they would not be called laces, but "would be a braid or plait." It would seem strange that Congress should exclude braids or plaits from the operation of this section when thread was used to hold them together, but did not exclude the same when more loosely woven, although an equal amount of thread was so used.

Moreover, we are of the opinion that, in view of the course of legislation, a broad comprehensive meaning should be given to the phrase "composed wholly." The section now under discussion is the well-known hat material clause, which appeared in the free list as paragraph 418, of March 3, 1883 (22 Stat. 511, c. 121). The braids, plaits, laces, etc., of that paragraph might be composed, not only of straw, chip, or grass, but of "any other substance or material," provided only they were hat materials. By the amendatory act of February 18, 1890 (26 Stat. 8, c. 13), this paragraph was restricted by changing "any other substance or material" to "any vegetable material." In the tariff act of 1890 (paragraph 518, 26 Stat. 604, c. 1244), it was still further restricted by striking out the words "any vegetable material," leaving only the enumerated materials, "straw, chip, grass, palm leaf, willow, osier, or rattan." Under this act it was held by this court that it was sufficient to make the paragraph applicable if the "predominant and characteristic component" was one of those specifically enumerated. Schiff v. U. S., 99 Fed. 555, 39 C. C. A. 652. In the tariff act of August 27, 1894 (paragraph 417, 28 Stat. 538, c. 349), it was further restricted by eliminating "willow" from the enumeration of materials. In the act of 1897, now before us, the hat material paragraph was transferred from the free list to the duty list; a lower rate of duty being accorded to such articles than that imposed on similar articles not suitable for hats. But the paragraph was again restricted by for the first time inserting the word "wholly," thus bringing within the paragraph with its reduced duty only hat materials "composed wholly of" the enumerated materials. Under these circumstances, we think the words last quoted should be given their ordinary and natural meaning, and that hat materials composed at all of anything else should be left to pay their appropriate duty under other paragraphs.

The decision of the Circuit Court is affirmed.