UNITED STATES *v.* ASCHER & CO. (No. 2198).[1]

1. LEGISLATIVE SANCTION OF JUDICIAL CONSTRUCTION.

It is a familiar rule that repeated enactments in identical terms of a tariff provision, without a substantial change of context, after the same has been construed in an authoritative decision, will be accepted as a legislative approval of the construction contained in that decision. So, the United States Circuit Court of Appeals having decided that the provision of the tariff act of 1897 for "labels for garments or other articles, composed of cotton or other vegetable fiber," included labels composed of silk and cotton, cotton chief value, and the provision having been reenacted substantially in the act of 1909 and identically in the act of 1913, without substantial change of context, it must receive the same construction in the act of 1913.

2. CONSTRUCTION—"COMPOSED OF."

While great confusion exists upon the subject among the authorities, nevertheless the rule appears to be fairly settled that in general the phrase "composed of" a given material bears the same meaning as "composed in chief value" of that material.—Hensel et al. *v.* United States (6 Ct. Cust. Appls. 162; T. D. 35434). Kenyon *v.* United States (4 Ct. Cust. Appls. 344; T. D. 33527) distinguished.

---

[1] T. D. 39532.

3. LABELS OF COTTON WORKED WITH SILK.

Narrow woven strips having a cotton body with words and figures in colors superimposed upon them in silk, being labels for sewing on garments and like articles, are classifiable under paragraph 262, tariff act of 1913, as "labels for garments and other articles, composed of cotton or other vegetable fiber," since the *cotton* component is the one of *chief* value; and are not relegated to the provision of paragraph 266 for miscellaneous manufactures of cotton by reason of the fact that their *silk* component is of *substantial* value.

United States Court of Customs Appeals, March 17, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45016.

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Samuel Isenschmid*, special attorney, of counsel), for the United States.

*Walden & Webster* (*Henry J. Webster* and *Edw. F. Jordan* of counsel) for appellees.

[Oral argument January 24, 1923, by Mr. Hoppin and Mr. Jordan.]

Before MARTIN, Presiding Judge, and SMITH and BARBER, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

The merchandise now upon appeal was described by the appraiser as "labels composed of cotton and silk, cotton the component material of chief value." They are such labels as are sewed upon garments and like articles. Samples of the merchandise are in evidence, from which it appears that they are narrow woven strips having a cotton body with words and figures in colors superimposed upon them in silk. Both materials are important elements in the composition of the articles, but cotton is the component material of chief value.

The collector assessed the importations with duty at the rate of 30 per cent ad valorem, under the provision for manufactures of cotton not specially provided for, in paragraph 266 of the tariff act of 1913.

The importers protested against the assessment, claiming duty at the rate of 25 per cent ad valorem, under the enumeration of "labels for garments and other articles, composed of cotton or other vegetable fiber," contained in paragraph 262 of the same act.

The protest was submitted to the Board of General Appraisers upon the appraiser's return and the samples. The board sustained the protest, and the Government appealed.

The issue thus presented is a narrow one, to wit, whether labels like these, composed in chief value of cotton, but with a substantial and relatively important addition of silk, come within the classification of "labels for garments or other articles, composed of cotton or other vegetable fiber," in paragraph 262.

The Government contends that in that paragraph Congress has carefully distinguished between articles composed in chief value of cotton or other vegetable fiber and those composed entirely of such

materials; that the classifications therein of bandings, etc., loom harness, etc., and belting for machinery, contain the term "composed in chief value" of cotton or other vegetable fiber; whereas those of spindle banding, etc., boot, shoe, and corset lacings, and labels for garments, contain the term "composed of" cotton or other vegetable fiber. It is claimed that the latter description, thus used in contra-distinction to the former one, was intended to signify that the articles so described must be composed entirely or substantially entirely of the given materials. In addition to this argument, various authorities are cited in support of the claim that in general Congress when speaking of component materials uses the phrase "composed of" in the same sense as "composed entirely or substantially entirely of."

We realize the cogency of the foregoing argument, and also the weight and application of the authorities cited. Nevertheless we do not think that Congress intended to restrict the provision now in question to such labels only as are composed entirely or substantially entirely of cotton.

Paragraph 320 of the tariff act of 1897 contained an enumeration identical with that now in question, and with the context substantially similar to the language of present paragraph 262. In T. D. 24939 (G. A. 5553) the board having before it merchandise described as "labels of silk and cotton, cotton chief value," held the articles to be dutiable, under paragraph 320 aforesaid, as "labels, for garments or other articles, composed of cotton or other vegetable fiber." The competing provision, as in this case, was that for "manufactures of cotton." The board's decision was reversed by the circuit court upon the ground that the goods were not labels because, not being cut, something more remained to be done to them; also, on the ground that they could not be said to be "composed of cotton" within the meaning of the law, because made in part of silk. (135 Fed. 919.) The decision of the circuit court was reversed by the circuit court of appeals, which held that "Labels of cotton and silk, cotton the chief component, are not to be excluded from the provision in tariff act of July 24, 1897 (c. 11, No. 1, Schedule I, par. 320, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661]), for labels 'composed of cotton,' because not composed wholly of cotton." (145 Fed. 622.)

Paragraph 320 of the tariff act of 1897 was reenacted in substantially similar terms as paragraph 320 of the tariff act of 1909, and again as paragraph 262 of the act of 1913, being the one now in question. It is a familiar rule that such repeated reenactments in identical terms of a tariff provision, and without a substantial change of context after the same has been construed in an authoritative decision, will be accepted as a legislative approval of the construction contained in that decision.

Furthermore, while great confusion exists upon the subject among the authorities, nevertheless the rule appears to be fairly settled that in general the phrase "composed of" a given material, bears the same meaning as "composed in chief value" of that material. In the case of Hensel et al. *v.* United States (6 Ct. Cust. Appls. 162, 164; T. D. 35434), this court said:

A review of the authorities discloses the fact that the statutory phrase "composed of" a given material has rarely, if ever, been interpreted as requiring that the article in question should be composed exclusively of that material. Sometimes, however, it has been interpreted as requiring that the designated article should be composed entirely of the given material, permitting, nevertheless, an insignificant or negligible amount of other material to be added thereto; but the decided weight of the authorities has established the rule that in general the phrase in question requires no more than that the designated article should be composed in chief value of the given material, even though a substantial minor value of the article may be composed of some other material. And especially does this rule apply in instances like the present one, where the material of chief value distinctly preponderates in respect to the bulk and form of the given article.

It may be noted that "a substantial minor value" of the present article is composed of silk; and that cotton, being the material of chief value, "distinctly preponderates in respect to the bulk and form" thereof.

The Government places reliance upon the decision of this court in Kenyon *v.* United States (4 Ct. Cust. Appls. 344; T. D. 33527) as an authority opposed to the foregoing conclusion. We do not so regard it. The merchandise there in question was waterproof cloth composed in chief value of rubber, and it was held that since the article was composed neither entirely nor in chief value of cotton or other vegetable fiber, it could not be classified for duty under a provision for "waterproof cloth composed of cotton or other vegetable fiber, whether composed in part of india rubber or otherwise." The court spoke as follows:

Judicially construed, the words "composed of," "made of," "manufactured of," "manufactures of," and "in chief value of," standing alone have generally been accorded the same meaning, which is expressed more definitely by the latter expression "in chief value." To come within those terms it is *in all cases* held the goods must be composed *at least* in chief value of the designated material.—Schiff *v.* United States (99 Fed. 555); Arthur *v.* Butterfield (125 U. S. 70); In re Wise (93 Fed. 443); United States *v.* Churchill (106 Fed. 672); Herrman *v.* Robertson (152 U. S. 521–524).

We think, furthermore, that it was the legislative intention in enacting this provision to favor in a measure labels for garments and other like articles, composed of cotton, as compared with manufactures of cotton in general. The primary term in the classification consists of a direct designation of the articles by name and use. We believe accordingly that we are giving effect to the legislative intent when we apply the liberal rule of interpretation above set out. Nor does the context of the provision now in question control its in-

terpretation. For that consists of a series of unrelated enumerations which are to be interpreted as virtually independent provisions. The decision of the board is accordingly *affirmed.*