MAY CO. ET AL. *v.* UNITED STATES. (No. 4122)[1]

---

[1] T. D. 49336

United States Court of Customs and Patent Appeals, December 23, 1937

*Lawrence & Tuttle* (*Frank L. Lawrence* and *Charles F. Lawrence* of counsel) for appellants.

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

[Argued and resubmitted December 9, 1937, by Mr. Frank L. Lawrence and Mr. Folks]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges [1]

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, overruling two protests of importers "without affirming the action of the collector." The cases were consolidated for trial, the issues being the same, and the proceeding properly may be referred to in the singular.

The merchandise consists of gloves, later more particularly described. It was entered at the port of Los Angeles, Calif.

The collector made classification and assessed duty under paragraph 1309 of the Tariff Act of 1930, apparently as "gloves * * * wholly or in chief value of rayon or other synthetic textile." The protests are in conventional form and make alternative claims. One claim is under paragraph 915 of the act, which reads:

PAR. 915. Gloves * * * in chief value of cotton * * *: Made of fabric knit on a warp-knitting machine, 60 per centum ad valorem; made of fabric knit on other than a warp-knitting machine, 50 per centum ad valorem; made of woven fabric, 25 per centum ad valorem.

Another claim is under paragraph 919 providing for clothing and articles of wearing apparel, etc. The other claims are obviously perfunctory.

At the trial a stipulation was filed, the pertinent portion of which reads:

It is hereby stipulated and agreed by and between counsel for plaintiffs and the Assistant Attorney General for the United States as to the merchandise covered by these protests, represented on the invoices by the items marked "A" and checked by Examiner C. C. Babcock, and assessed with duty at 45 cents per pound and 65 per cent under paragraph 1309, Tariff Act of 1930, as articles wholly or in chief value of rayon, that the appraiser's answers to these protests may be incorporated with the record herein, and that upon this stipulation these protests may be deemed submitted, the protests being limited to the items marked "A" as above indicated.

[1] At the time of the original hearing and submission of this case, the late Presiding Judge, W. J. Graham, participated. His death occurred prior to the reargument.

The answers of the appraiser to the respective protests are substantially the same in meaning. That respecting suit 848444–G reads:

The mdse. herein protested consisted of gloves. The hand part of the gloves was knitted of artificial silk, and the cuffs were made of woven cotton fabric, staple over 1⅛″. The cotton cuffs being chief value, the merchandise should have been returned under Par. 915 at 25% and 924 at 10¢ lb. on staple. The items in question are marked "X" on the invoice.

It will be observed that paragraph 915 is one of the paragraphs of schedule 9 of the Tariff Act of 1930, entitled "Cotton Manufactures," and paragraph 924, the concluding paragraph of that schedule, provides:

PAR. 924. All the articles enumerated or described in this schedule (except in paragraph 922) shall be subject to an additional duty of 10 cents per pound on the cotton contained therein having a staple of one and one-eighth inches or more in length.

It is conceded here that the cotton portions of the gloves at issue had a staple of one and one-eighth inches or more in length. If, therefore, the merchandise be classifiable under paragraph 915, it appears that the provision of paragraph 924 applies automatically.

There does not appear to have been any brief or oral argument of the case before the trial court.

In its decision that tribunal said:

The gloves in this case being in chief value of cotton cannot find classification under paragraph 1309, which provides for gloves in chief value of artificial silk. It being established that the hand part of the gloves was knitted they cannot find classification under the provision in said paragraph 915 for gloves in chief value of cotton, made of woven fabric, for the reason that a woven fabric is not a knitted fabric, the conclusion of the appraiser that "the merchandise should have been returned under Par. 915 at 25%" to the contrary notwithstanding.

We are unable to determine from this record whether the knitted part of these gloves was knit on a warp-knitting machine, or on other than a warp-knitting machine. There is, however, no provision in said paragraph 915, for gloves in chief value of cotton, made in part of a fabric knit on a warp-knitting machine and in part of a woven fabric. Neither is there any provision in said paragraph for gloves in chief value of cotton, made in part of a fabric knit on other than a warp-knitting machine and in part of a woven fabric.

While the record is sufficient to establish that the collector's classification was erroneous, it is, however, not sufficient to establish any of the claims made by the plaintiffs. All the claims in these suits must, therefore, be overruled, without affirming the action of the collector. Judgment will be rendered accordingly.

Following the above decision, which made no specific reference to the claim under paragraph 919, the importers filed an application for rehearing, directing attention to that paragraph. The Government opposed the application and same was denied. Thereupon the instant appeal to this court was taken.

The brief on behalf of appellants was filed in this court September 7, 1937. Under date of September 28, 1937, a communication was addressed to the clerk of this court by the Assistant Attorney General in charge of customs, the pertinent part of which reads:

This is to advise that the United States, appellee, will not file a brief in the above-entitled case.

The protests involved in this appeal were submitted before the trial court on a stipulation incorporating the appraiser's answers to the protests in the record. The incorporated reports conceded that the items therein referred to were dutiable at 25 per centum ad valorem under paragraph 915 and 10 cents per pound on cotton staple over 1⅛ inches under paragraph 924 of the tariff act of 1930.

That classification is in accordance with existing administrative practice, as outlined in Department letter, T. D. 46473(6), and we are unable to find any authorities which would warrant a different classification.

The case came on for hearing before us on October 6, 1937. No counsel for appellants appeared. Counsel for the Government made a brief oral statement reiterating the substance of the above communication to the clerk, which amounts to a concession that the merchandise is properly classifiable under paragraph 915. The alternative claims were expressly challenged by Government counsel.

The case was noted as submitted and in due course was considered by us. It was concluded that a *pro forma* reversal might not properly be entered and that the merits should be determined. Accordingly, the case was set down for reargument and the same was reargued on December 9, 1937. Counsel for appellants appeared and made oral argument. Counsel for the Government reiterated the position previously taken as outlined above.

As the case was presented at the second hearing, in view of our conclusion as to the applicability of paragraph 915, *supra*, it is unnnecessary that we consider any of the other claims.

It is clear from the record that the cotton cuffs of the gloves which comprise the woven fabric portion thereof constitute the chief value of the gloves, and appellants' contention is that under the authorities the phrase "made of" in paragraph 915 is to be interpreted not as though it read "made wholly of" but as though it read "made in chief value of." In other words, it is contended that the paragraph does not require that the gloves be made wholly of woven cotton fabric, but that it is sufficient if that portion of them which constitutes their chief value be so made.

Such was the ruling of the Bureau of Customs, as expressed in T. D. 46473 (63 Treas. Dec. 1100, 1101), discussing "Gloves, cotton, of two kinds of fabrics," where it was said *inter alia:*

The term "made of" in paragraph 915 is not to be construed as "made wholly of," but, in accordance with the general rule as "made in chief value of."

The foregoing ruling is, in principle, in harmony with a long line of decisions of this court, among which may be cited, *Kenyon Co.* v.

*United States*, 4 Ct. Cust. Appls. 344, T. D. 33529; *Hawley & Letzerich v. United States*, 6 Ct. Cust. Appls. 45, T. D. 35322; *Hensel, Bruckmann & Lorbacher* v. *United States*, 6 Ct. Cust. Appls. 162, T. D. 35434; *United States* v. *Ascher & Co.*, 11 Ct. Cust. Appls. 453, T. D. 39532; *United States* v. *Linen Thread Co.*, 13 Ct. Cust. Appls. 359, T. D. 41257.

It is true that there are exceptions to the general rule so announced, as is pointed out in the *Linen Thread Co.* case, *supra*, and further elaborated in our decision in the case of *American Shipping Co., Husney & Co.* v. *United States*, 22 C. C. P. A. (Customs) 72, T. D. 47064, but we find nothing in the instant case which, in our opinion, removes the merchandise from the application of the general rule.

We are of opinion, therefore, that it was error not to have sustained the claims by the respective importers under paragraph 915, *supra*.

Accordingly, the judgment of the United States Customs Court is *reversed* and the case will be *remanded* for further proceedings in conformity with this decision.