Premier Dental Products Co. *v.* United States (No. 4298) [1]

[1] C. A. D. 123.

UNITED STATES COURT OF CUSTOMS AND PATENT APPEALS, MAY 6, 1940

*Tompkins..& Tompkins* (*J. Stuart Tompkins* and *Allerton DeC. Tompkins* of counsel), for appellant.

*Webster J. Oliver,* Assistant Attorney General (*Samuel D. Spector,* of counsel), for the United States.

[Oral argument April 11, 1940, by Mr. Allerton DeC. Tompkins and Mr. Oliver]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the dutiable classification of certain merchandise imported at the port of Philadelphia in 1937, and invoiced as "Petralit" powder, "Cronalit Germicidal" powder, and "Astralit" powder. It was assessed with duty at 30 per centum ad valorem under paragraph 214 of the Tariff Act of 1930 as an earthy or mineral substance, undecorated.

The entry, in addition to said powders, included a quantity of liquid denominated "Petralit" liquid, which was. apparently also classified under said paragraph 214.

Appellant protested the liquidation of the entry, claiming the merchandise to be dutiable as an entirety under paragraph 205 (d) as "other cement, not specially provided for," or in the alternative, under paragraph 1558 as an unenumerated, manufactured article.

Prior to the trial the protest was amended, making the further claim that the powder is separately dutiable under paragraph 205 (d).

Upon the trial appellant abandoned the claim with respect to the liquid and limited its protest to the powders and the claim that they are separately dutiable under paragraph 205 (d) as cement, not specially provided for.

The answer to the protest, so far as is here pertinent, reads as follows:

The merchandise, subject of protest, consists of dental powder and dental liquid, both of which when combined produce a dental cement. If the merchandise was now before this office, it would be returned in accordance with the decision of the U. S. C. C., T. D. 49301, in which the "powder" was held properly dutiable at 30% under paragraph 214, and the "liquid" properly dutiable at 25% under paragraph 5, T. A. of 1930.

The paragraphs of the tariff act here involved read as follows:

PAR. 214. Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not, if not decorated in any manner, 30 per centum ad valorem; if decorated, 40 per centum ad valorem.

PAR. 205. (d) Other cement, not specially provided for, 20 per centum ad valorem.

Four witnesses testified in behalf of appellant, and a sample of the merchandise was received in evidence, marked Exhibit 1. No evidence was offered by the Government.

Two of the witnesses, who were Government examiners of merchandise, testified that from 1913 to 1934 dental cement was classified under the applicable tariff laws as cement, not otherwise provided for; that this practice ceased in 1934 after a decision of the Customs Court in the case of *Premier Dental Products Co. v. United States*, T. D. 49301, holding that dental powder and liquid were not classifiable as an entirety, but that the powder was classifiable as an earthy or mineral substance under paragraph 214 and the liquid as a chemical compound under paragraph 5.

The owner and manager of appellant testified that its business was the buying and selling of dental merchandise; that he is familiar with the merchandise here involved and also with the "Petralit" liquid included in the entry; that he is familiar with the use of dental powders and had seen them used in dental offices all over the country, and that he had repeatedly observed the use of powders identical with those here involved. Upon this point he testified:

Judge SULLIVAN. * * * What about this cement? That is what we are after. How is this cement used? Confine yourself to the cement involved here, Mr. Witness.

The WITNESS. The cement in question is used by using the powder and mixing it with a liquid. There is a cementing powder, cementing liquid, and then it forms a solid cement. It is used for cementing on crowns, and bridges, and making fillings in teeth.

By Mr. TOMPKINS:

Q. Have you seen these particular powders, the three kinds here, used repeatedly?—A. Yes, sir.

Q. And all these three powders as you just described, are dental cement powders?—A. Yes, sir.

\* \* \* \* \* \* \*

Q. Do the three powders here in question contain adhesive properties when they are combined with liquid or when they are set?—A. Yes, they contain adhesive properties before they solidify.

\* \* \* \* \* \* \*

Q. Do you sell these three powders here in question as dental cement powders?—A. Yes, sir.

Upon cross-examination the witness testified as follows:

X Q. The powder Mr. Witness, that can be purchased by itself, can't it?—A. Yes, sir.

X Q. And it can be purchased independently of any liquid?—A. Yes, sir.

X Q. In your opinion is this powder used for the filling of teeth as you stated, until it is mixed with the liquid?—A. It cannot be used by itself. By itself it is a powder.

The Customs Court in its decision stated:

In the case of Premier Dental Products Co. v. United States, T. D. 49301, this court held that "Astralit" was not classifiable as cement, and, being an earthy or mineral substance, it was properly dutiable as assessed by the collector under paragraph 214, act of 1930. It was also held therein that "Petralit" liquid, being a chemical compound, was properly dutiable at 25 per centum ad valorem under paragraph 5. The courts have repeatedly held that a long continued practice in classifying merchandise at rates of duty contrary to the decisions of the United States Customs Court, either before or after such decisions, has no force. See United States v. Mills & Gibbs, 8 Ct. Cust. Appls. 422, T. D. 37667, and Cunard Steamship Co. v. United States, T. D. 46924.

Following the decision in the case of Premier Dental Products Co. v. United States, supra, we hold that the powders in question are dutiable as assessed by the collector. Inasmuch as the protest was abandoned relative to the liquid involved, the collector's classification thereof will not be disturbed.

Judgment overruling the protest was entered, and from such judgment this appeal was taken.

Appellant relies chiefly upon legislative adoption of judicial decision holding that dental powders are classifiable as cement not specially provided for, and upon long-continued administrative practice prior to 1934 classifying such dental powders accordingly.

The first of these cases relied upon by appellant is that of O. G. Hempstead & Son v. United States, T. D. 23489, G. A. 5070, 5 Treas. Dec. 64, decided in 1902 by the Board of General Appraisers, now the United States Customs Court. That case involved the dutiable classification under the tariff act of 1897 of certain merchandise invoiced as "500 boxes of formagen" and "175 bottles of fluid." Each box of the formagen consisted of a powder and a liquid, separately packed.

The collector classified the formagen as an entirety as a medicinal preparation, and the importer claimed it to be properly dutiable as

"other cement" under paragraph 89 of said tariff act. The board in its decision stated:

In each box containing the formagen are two bottles, one containing a powder and the other containing a liquid. These two articles, taken as an entirety, are known commercially as formagen or dental cement. A chemical analysis of the fluid shows that it consists of formaldehyd, oil of cloves, and creosote. This serves as a vehicle for the powder, forming with it a paste, in which form it is used, and also serves as an antiseptic in the dental operation. * * *

The board held that the formagen was dutiable as "other cement" under said paragraph 89.

The next case relied upon by appellant is that of *G. W. Sheldon & Co.* v. *United States*, T. D. 28889, Abstract 18494, 15 Treas. Dec. 320, decided in 1908. This case also arose under the tariff act of 1897 and involved the classification of a powder claimed to be dental cement. In its decision the Board of General Appraisers stated:

*McClelland, General Appraiser:* * * * The evidence seems to bear out the protestants' contention that the powder is a dental cement. The Government theory seems to be that the powder is not cement until mixed with phosphoric acid or water, but with that view we can not agree, and therefore on the evidence before us the issue must be determined in favor of protestants.

The third case relied upon by appellant is that of *Hensel, Bruckmann & Lorbacher* v. *United States*, T. D. 32823, Abstract 29753, 23 Treas. Dec. 178, which arose under the tariff act of 1909, paragraph 86 of which, after describing certain specified kinds of cement, provided for "other cement, not otherwise specially provided for." The abstract is brief and states:

On the authority of G. A. 5070 (T. D. 23489), an article used for filling cavities in teeth, classified under paragraph 3, tariff act of 1909, was held dutiable as cement under paragraph 86.

We attach little importance to the decision last above-cited for the specific character of the merchandise there involved does not appear, and we think the case of *G. W. Sheldon & Co.* v. *United States, supra,* is the only case relied upon by appellant that is here applicable.

In the tariff act of 1913 paragraph 74, after describing certain specified cements, contained the following provision:

* * * and all other cements not specially provided for in this section.

The Tariff Act of 1922 contained in paragraph 205 the following provision:

* * * other cement, not specially provided for.

We think the powder involved in *Sheldon & Co.* v. *United States, supra,* was similar in all material respects to the powders here involved.

As hereinbefore stated, that decision was rendered under the tariff act of 1897. In each succeeding tariff act Congress enacted sub-

stantially the same provision. Therefore, unless there be no ambiguity in the provisions of paragraph 205 (d) of the Tariff Act of 1930, the rule of legislative adoption of judicial decision is applicable, the merchandise here involved being substantially the same as the merchandise involved in said case, and the issue before us being identical with the issue there decided. *United States* v. *Ascher & Co.*, 11 Ct. Cust. Appls. 453, T. D. 39532; *United States* v. *Bassichis Co. et al.*, 16 Ct. Cust. Appls. 410, T. D. 43133; *American Shipping Co., etc.* v. *United States*, 22 C. C. P. A. (Customs) 72, T. D. 47064.

The Government contends that there is no ambiguity in the language of paragraph 205 (d), and that therefore no rules of construction may be resorted to. We are not in accord with this view.

Paragraph 205 (a) provides for plastic rock or gypsum at $1.40 per ton. Paragraph 205 (b) provides for Roman, Portland, and other hydraulic cement or cement clinker, at 6 and 8 cents per hundred pounds. Paragraph 205 (c) provides for Keene's cement, and other cement of which gypsum is the component material of chief value, at various rates per ton depending upon the value thereof.

It will be observed that these provisions all relate to cements ordinarily used for building purposes, and with respect to the provision of paragraph 205 (d) for other cement, not specially provided for, if this were an original question before us, we would be in doubt as to whether cement used for dental purposes could properly be classified under the provision of paragraph 205 (d), the doubt arising from the connection in which the phrase "other cement, not specially provided for" is used.

Whether or not a given term in a tariff statute is used in an ambiguous manner must be determined, not from the literal meaning of the term, but from the connection in which it is used, and a consideration of the entire statute in which the term is found. *Charles Hardy, Inc.* v. *United States*, 21 C. C. P. A. (Customs) 173, 175, T. D. 46509.

In the case of *James P. Smith & Co.* v. *United States*, 21 C. C. P. A. (Customs) 514, T. D. 46971, there was involved the dutiable classification of mustard dross. It was classified by the collector as waste under paragraph 1555 of the Tariff Act of 1930. Classification was claimed as a crude or unmanufactured vegetable substance. It appeared that the Board of General Appraisers (now the United States Customs Court) had judicially determined in a number of decisions that under the tariff acts of 1897 and 1913 such merchandise was dutiable as waste. In said *Smith & Co.* case, *supra*, we applied the rule of legislative adoption of judicial decision; we affirmed the judg-

ment of the Customs Court holding the merchandise to be waste. Our opinion states:

Being of opinion that the classification of the article now before the court has been fixed by the decisions of the United States Customs Court, formerly the Board of General Appraisers, and that such construction has received legislative ratification, it does not appear to be necessary for the court to determine, at this time, whether, in the absence of such legislative ratification, the imported article would be properly classifiable as a crude vegetable substance, as claimed.

In the case of *United States* v. *Frank*, 15 Ct. Cust. Appls. 97, T. D. 42184, we held that, this court having construed the language "structural shapes of iron or steel," as used in the tariff act of 1913, to embrace materials used in structures other than buildings, the reenactment of the same language in the Tariff Act of 1922 was a legislative sanction of such construction.

In the case at bar we not only have a case of legislative adoption of judicial determination, but long-continued administrative practice in harmony with such judicial determination, which prevailed until 1934, when the Customs Court, in the case of *Premier Dental Products Co.* v. *United States, supra*, in effect overruled the decision in the *Sheldon & Co.* case, *supra*, without making any reference thereto in such overruling decision.

Neither did the Customs Court in the decision before us make any reference to such decision, although we gather from the record that its attention was called thereto.

Although appellant's principal contention is that the merchandise is classifiable under paragraph 205 (d), and its brief discusses at length the cases upon which it relies, the Government brief before us does not discuss or even mention them, but relies upon the contention that paragraph 205 (d) is not ambiguous. We must assume from these facts that the Government concedes that if the rule of legislative adoption of judicial decision is here applicable, the judgment appealed from should be reversed. This, however, is only an assumption, and we suggest that when a principal issue is presented in a case, it should be fully discussed by the Government in its brief if we are to receive any assistance therefrom.

For the reasons hereinbefore stated, we hold that the merchandise here involved is classifiable under paragraph 205 (d) of the Tariff Act of 1930 because of legislative adoption of judicial decision holding that similar merchandise was classifiable as "other cement, not specially provided for," and long-continued administrative practice in harmony with such determination. Therefore the judgment of the United States Customs Court is *reversed* and the cause is *remanded* for further proceedings consistent with the views hereinbefore expressed.